UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No: 8:13-cr-220-T-27MAP

FELICITOS GARCIA
_____/

**ORDER**

**BEFORE THE COURT** are Defendant Garcia's "Pro se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by § 603(b)(1) of the First Step Act of 2018" (Dkt. 100), the United States' Response in Opposition (Dkt. 102), and Garcia's Reply (Dkt. 108). Upon consideration, Garcia's motion is **DENIED**.

Garcia stands convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. (Dkt. 48). He was sentenced to 150 months imprisonment, followed by five years of supervised release. (Dkt. 71). His motion to reduce his sentence was granted, which reduced the term of imprisonment to 135 months. (Dkts. 89, 91). His prior motion for compassionate release was denied. (Dkts. 97, 99). He again seeks compassionate release based on what he contends are "extraordinary and compelling reasons." (Dkt. 100). Specifically, he seeks "time-served supported by the fact that due to his fragile health condition he is at greater risk of being infected with the Covid-19 infection." (Id. at 1). He asserts that he is a "55 year old inmate whose health condition is extremely fragile due to some chronic-illnesses that are seriously affecting his health," including "1) Diabetes, 2) High-blood pressure, 3) Cholesterol, 4) Hearth [sic] illness condition, and Glaucoma." (Id. at 2); *see* (Dkt. 108 at 2). He further asserts that he suffered a "head stroke" in 2010. (Dkt. 100 at 2); (Dkt. 108 at 2). However, he is not entitled to compassionate release.

1

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Garcia has provided documentation reflecting that 30 days have elapsed since he submitted a request to the warden. (Dkt. 100-1 at 1-7). However, as the United States correctly contends, he has not shown an "extraordinary and compelling reason" warranting compassionate release. (Dkt. 102 at 9-12).

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Garcia fall within these circumstances. First, although he asserts that he has several medical conditions, including "1) Diabetes, 2) High-blood pressure, 3) Cholesterol, 4) Hearth [sic] illness condition, and Glaucoma," he does not provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care. U.S.S.G. § 1B1.13, cmt. n.1; (Dkt. 100 at 2); *see also United States v. Rind*, 837 F. App'x 740, 743-44 (11th Cir. 2020) (affirming denial of compassionate release where defendant who had type II diabetes, hypertension, high blood pressure, and asthma did not

"provide[] sufficient information regarding the severity of his medical conditions nor had he supported his allegations with medical records"); *United States v. Cooper*, No. 115CR00223LMMLTW1, 2020 WL 6145109, at *2 (N.D. Ga. Sept. 11, 2020) (finding that glaucoma does not constitute extraordinary and compelling circumstance). And although he asserts that he suffered a stroke in 2010, he does not support his contention that, as a result, he suffers a terminal illness or that medical conditions substantially diminish his ability to provide self-care. (Dkt. 100 at 2). Further, courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13."[1] *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Additionally, he does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. His circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed July 14, 2021). Last, while his rehabilitation efforts are admirable, (Dkt. 100 at 5), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, his reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with § 1B1.13.

To the extent Garcia contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that

---

[1] Notably, the United States has provided documentation reflecting that Garcia has received the Covid-19 vaccine. *See* (Dkt. S-105); (Dkt. 102 at 4, 12).

contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Garcia has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[2]

In summary, Garcia has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motion is **DENIED**. (Dkt. 100).

**DONE AND ORDERED** this 15th day of July, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). As the United States correctly contends, the circumstances of Garcia's offense do not weigh in favor of release. (Dkt. 102 at 13); *see also* U.S.S.G. §1B1.13(2). Indeed, during the conspiracy, he was responsible for dealing several pounds of methamphetamine. (Dkt. 48); (Dkt. 102 at 13). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.